**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EMMIT MCCAIN,

    Petitioner,                               Case No. 2:05-CV-73724
                                            HONORABLE DENISE PAGE HOOD
v.                                          UNITED STATES DISTRICT JUDGE

SHERRY BURT,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS TO DELETE UNEXHAUSTED CLAIMS, DENYING RESPONDENT'S MOTION TO DISMISS, AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER**

      Emmit McCain, ("Petitioner"), presently confined at the Ernest C. Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court convictions for voluntary manslaughter, M.C.L.A. 750.321. Respondent, through the Michigan Attorney General's Office, has filed an answer to the petition, urging this Court to dismiss the petition for writ of habeas corpus because it contains claims which have not been properly exhausted in the Michigan courts. Respondent has not addressed the merits of petitioner's claims in its answer.

      Petitioner has now filed a motion to delete his unexhausted claims and to have the Court reach the merits of the one exhausted claim contained in the habeas petition. For the reasons stated below, petitioner's motion to amend the

petition to delete his two unexhausted claims is **GRANTED**.  The Court further **DENIES** the respondent's motion to dismiss petitioner's claims for failure to exhaust his state court remedies for two of his three claims and **ORDERS** respondent to file a supplemental answer addressing the merits of petitioner's claim.

## I.  DISCUSSION

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15.  Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

In the present case, petitioner has raised the following claims in his petition:

I.  Petitioner was denied effective assistance of counsel where trial counsel failed to present any evidence of self-defense where McCain use of force was justified to present McCain testimony to corroborate the theory of self-defense was a misapprehension of the law of self-defense.

II.  Petitioner was denied effective assistance of counsel where counsel failed to call as a witness an unbiased employee at the shelter Ms. Bucker who would have impeached the prosecution witness an corroborated McCain version of events inside the shelter.

III.  Petitioner was denied the effective assistance of counsel when he failed to investigate the criminal backgrounds of the prosecution witnesses.  All of whom according to the judge gave testimony indicative of drug problem or alcohol problem.

Petitioner now concedes that his second and third claims were not properly exhausted in the Michigan courts and wishes to withdraw these claims from consideration by this Court. Respondent would not be prejudiced in any way if petitioner were granted leave to amend his habeas petition.

A habeas petitioner has a right to amend a petition containing both exhausted and unexhausted claims in order to remove unexhausted claims. *James v. Giles*, 221 F. 3d 1074, 1077 (9th Cir. 2000); *Jackson v. Dormire*, 180 F. 3d 919, 920 (8th Cir. 1999). This serves as an alternative to the petition being dismissed. *Id.* Outright dismissal of this mixed petition would be error without affording petitioner an opportunity to amend the petition by striking unexhausted claims. *Anthony v. Cambra*, 236 F. 3d 568, 574 (9th Cir. 2000). Because petitioner has filed a motion to amend the petition prior to the Court adjudicating the merits of the petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999). Accordingly, in lieu of dismissing the petition, the Court will permit petitioner to strike the unexhausted second and third claims alleging ineffective assistance of counsel from his petition. The Court will also deny respondent's motion to dismiss the petition.

Petitioner alleges that it was his understanding that the three issues presented in his appellate brief would be argued before the Michigan Court of Appeals. However, at argument, appellate counsel raised only the first claim, expressly abandoning the second and third claims. In his subsequent petition for a writ of

habeas corpus, petitioner included one exhausted (argued) claim and two unexhausted (abandoned) claims, unaware that including unexhausted claims could result in dismissal of the petition as a whole. In the instant case, petitioner would be severely prejudiced if respondent's motion to dismiss were granted.

The Court will also order respondent to file a supplemental answer addressing the merits of petitioner's exhausted claim within thirty (30) days of the Court's order. A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F.Supp. 605, 610 (D.N.J. 1998). This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to a petitioner's habeas petition. *Erwin v. Elo*, 130 F.Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. The Court will therefore order respondent to file an answer addressing the merits of petitioner's exhausted claim.

The Court also orders respondent to provide any Rule 5 materials which have not already been provided to the Court at the time it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler*, 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

## II.  ORDER

**IT IS HEREBY ORDERED** That petitioner's motion to amend the petition to delete the unexhausted second and third claims of ineffective assistance of counsel is **GRANTED.**

**IT IS FURTHER ORDERED** That respondent's motion to dismiss petitioner's claims for failure to exhaust state court remedies is **DENIED**.

**IT IS FURTHER ORDERED** That respondent shall file a supplemental answer addressing the merits of petitioner's exhausted claim and any Rule 5 materials which have not yet ben provided to the Court within **thirty (30) days** of the Court's order.

　　　　　　　　　　　　　　　　　　 /s/ Denise Page Hood
　　　　　　　　　　　　　　　　　　**HON. DENISE PAGE HOOD**
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

DATED: August 25, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 25, 2006, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　s/ William F. Lewis
　　　　　　　　　　　　　　　　　　Case Manager